# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| MAURICE SENTELL BRADHAM, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | Criminal No.: 1:10-cr-00466-MBS-1 <br><br> **ORDER AND OPINION** |

Movant Maurice Sentell Bradham is a federal inmate currently housed at the Federal Correctional Complex in Petersburg, Virginia. On August 14, 2014, Movant, proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. ECF No. 1271. Respondent United States of America (the "Government") filed a response in opposition to Movant's motion and a motion for summary judgment on October 31, 2014. ECF Nos. 1286, 1287. On July 23, 2015, Movant filed a motion for disposition under Fed. R. Civ. P. 4(b). On June 13, 2016, Movant filed an amended § 2255 motion. ECF No. 1400. The Government responded and moved for summary judgment on July 14, 2016. ECF Nos. 1407, 1408.

## I. FACTS AND PROCEDURAL HISTORY

On April 21, 2010, a federal grand jury returned an indictment charging Movant with: (1) conspiracy to distribute fifty grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 ("Count 1"); (2) possession with intent to distribute and distribution of five grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) ("Count 16"); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count 17"); and (4) possession with intent

1

to distribute and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) ("Count 18").  Indictment at 1, 3, 10-11, ECF No. 3.

On June 9, 2010, the Government filed an Information pursuant to 21 U.S.C. § 851 for the purpose of notifying Movant of the Government's intent to seek enhanced penalties based on Movant's prior felony drug conviction in 2005.  ECF No. 183.  The prior offense subjected Movant to a statutory mandatory minimum sentence of twenty years on Count 1, pursuant to 21 U.S.C. § 841(b)(1)(A).  *Id*.

Movant entered into a written plea agreement with the Government on August 16, 2010.  ECF No. 308.  The plea agreement advised Movant that sentencing is within the sole discretion of the Court, and that the Court would consider the relevant section of the United States Sentencing Guidelines.  *Id*.  Also, within the plea agreement Movant waived his right to appeal his conviction or sentence, both directly and collaterally, including any proceedings under 28 U.S.C. § 2255.  *Id*.  This waiver did not bar claims of ineffective assistance of counsel or prosecutorial misconduct.  Plea Hr'g Tr. 26:14-15, ECF No. 1283.  Movant acknowledged that he was waiving these rights in exchange for an opportunity to earn a sentence reduction pursuant to U.S.S.G. § 5K1.1 or Federal Rule of Criminal Procedure 35(b).  Resp't Mem. in Supp. of Summ. J. 4, ECF No. 1286.

Pursuant to the plea agreement, Movant pleaded guilty on August 16, 2010 to Counts 1 and 17 of the indictment, and Counts 16 and 18 were dismissed by motion of the Government.  *Id*. at 3.  Movant verbally confirmed that he understood and agreed to the terms of his plea agreement.  Plea Hr'g Tr. 28:23-24, ECF No. 1283.

On August 31, 2011, the court sentenced Movant to 180 months, consisting of 120 months for Count 1 and 60 months for Count 17, to run consecutively.  ECF No. 881.  After Movant was sentenced, the Government made two motions for sentence reduction pursuant to Fed. R. Crim. P.

35(b). ECF Nos. 989 (filed June 29, 2012), 1223 (filed January 27, 2014). On July 25, 2012, the court granted the first Rule 35 motion and resentenced Movant to 111 months, consisting of 51 months as to Count 1 and 60 months as to Count 17, to run consecutively. ECF No. 997. On March 12, 2014, the court granted the Government's second Rule 35 motion and resentenced Movant to 106 months, consisting of 46 months for Count 1 and 60 months for Count 17, to run consecutively. ECF No. 1240.

On April 21, 2014, Movant filed a motion to dismiss Count 17 of the Indictment. The court notified Movant that the court intended to construe Movant's motion as a § 2255 motion. ECF No. 1249, 1267. Subsequently, Movant filed this motion under 28 U.S.C. § 2255, on August 14, 2014. ECF No. 1271. Movant asserts the following grounds for relief:

> GROUND ONE: Insufficient Evidence – There were "no" D.N.A. or Forensis reports, or fingerprints of Mr. Bradham on the gun or any video or audio reports of him having a gun.
>
> GROUND TWO: Ineffective Assistance of Counsel – Defense Counsel has a conflict of interest in my due process rights and Sixth Amendment rights to file a motion to the court to Dismiss Count (17) of The Indictment before accepting the plea contruant or before sentenced (he) was grossly neglicent by not challenging laboratory results for count (17) to be cross-examined in my case.
>
> GROUND THREE: Retroactive Amendment Effect On November 1, 2014 – Whether this court hold this decision in abeyance until November 1, 2014 or until November 1, 2014, for additional released as to the Amendment 782 as to the retroactivity.
>
> GROUND FOUR: Smarter Sentencing Act – Whether this court can hold it's decision in abeyance until, November 1, 2014; or hold abeyance until, November 1, 2015 to allow consideration of it's decision as to the Amendment 782 as to the retroactive released.

ECF No. 1271 at 4-8 (errors in original).

Movant filed an amended § 2255 motion on June 13, 2016. ECF No. 1400. Movant asserted the following grounds for relief:

3

> GROUND ONE: Insufficient Evidence – There were "no" D.N.A. or Forensis reports, or fingerprints of Mr. Bradham on the gun or any video or audio reports of him having a gun.
>
> GROUND TWO: Ineffective Assistance of Counsel – Defense Counsel has a conflict of interest in my due process rights and Sixth Amendment rights to file a motion to the court to Dismiss Count (17) of The Indictment before accepting the plea contruant or before sentenced (he) was grossly neglicent by not challenging laboratory results for count (17) to be cross-examined in my case.
>
> GROUND THREE: Ineffective assistance of counsel claim – Unconstitutional outcome as the plea agreement was in violation of my 5th and 6th amendment rights.
>
> GROUND FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL – The Petitioner's case was a fundamental miscarriage of justice, when properly examined it is clearly evidence that Petitioner is able to show clear and convincing evidence of Constitutional error, if this case is reviewed a wholly different outcome would have been the end result, a result that would have found the Petitioner not guilty.

ECF No. 1400 at 5-12 (errors in original). Movant argues that his "motion should not be barred since the U.S. Supreme Court has handed down it's opinion in Johnson VS U.S.[1] and is now a new rule of Constitutional law, made retroactive to cases on collateral review, even if conviction became final over one year ago." *Id.* at 13 (errors in original).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§ 2241 *et seq.*, a one-year statute of limitations applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The one-year statute of limitations runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

While the court most recently modified Movant's sentence on March 12, 2014, the statute of limitations began running when Movant's judgment of conviction became final on September 1, 2011. *See United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001) (holding that "Congress did not intend for [Rule 35] motions to prevent convictions from becoming final for § 2255 purposes"); 18 U.S.C. § 3582(b). The Fourth Circuit Court of Appeals states: the "conviction [becomes] final on the date upon which [a defendant] decline[s] to pursue direct appellate review." *Sanders*, 247 F.3d at 142; *see Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that "for federal criminal defendants who do not file a petition for certiorari with [the Supreme Court], § 2255's one-year limitations period starts to run when the time for seeking such review expires."). *See Regan v. City of Hanahan*, No. 16-1077, 2017 WL 1244041, at *2 (D.S.C. Apr. 3, 2017) Movant's judgment became final on September 14, 2011, when time ran out for Movant to file an appeal. Movant had until September 14, 2012, to file his § 2255 motion. Movant filed his § 2255 motion on August 14, 2014, and his amended § 2255 motion of June 13, 2016. Therefore, Movant's § 2255 motion is untimely under § 2255(f)(1).

Movant attempts to argue that he falls within § 2255(f)(3) as the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016), announced that *Johnson* is subject to retroactive application on collateral review. In *Johnson*, the Supreme Court held that the "residual clause" in 18 U.S.C. § 924(e)(1), which increases the term of incarceration for a defendant with three prior "violent felony" convictions, is unconstitutionally vague. 135 S. Ct. at 2557, 2563. Movant was

5

sentenced for violation of 18 U.S.C. § 924(c)(1).[2] ECF No. 881. The Court has not held that *Johnson* can be extended to convictions under 18 U.S.C. § 924(c). In *United States v. Fuertes*, the Fourth Circuit declined to decide § 924(c)(3)(B)'s constitutionality finding that the Supreme Court "had no occasion to review the version of the residual clause set forth at 18 U.S.C. § 924(c)(3)(B)." 805 F.3d 485, 499 n.5 (4th Cir. 2015); *see also United States v. Graham*, 824 F.3d 421, 424 n.1 (4th Cir. 2016) (noting that the Courts of Appeal are split on whether *Johnson* applies to sentences imposed pursuant to § 924(c)). "Section 2255(f)(3) does not authorize [the Fourth Circuit] to read between the lines of a prior opinion to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." *United States v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012). The court declines to read between the lines to determine whether *Johnson* is applicable to sentences under § 924(c). Accordingly, § 2255(f)(3) does not apply, and because Movant's § 2255 motion was filed more than one year after the judgment became final, his motion is time barred.

## II.   CONCLUSION

For the reasons stated, the Government's motions for summary judgment, ECF Nos. 1287, 1408, are granted. Movant's § 2255 petition, ECF No. 1271, and amended § 2255 motion, ECF No. 1400, are denied and dismissed. Movant's motion for disposition under Rule 4(b), ECF No. 1331, is denied as moot.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional

---

[2] 18 U.S.C. § 924(c)(3) defines "crime of violence" as used in 18 U.S.C. § 924(c)(1).

claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this matter, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, the court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

    s/ Margaret B. Seymour
    Honorable Margaret B. Seymour
    Senior United States District Judge

August 30, 2017
Columbia, South Carolina